UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JEBURNON WILLIAMS | CIVIL ACTION NO. 08-1197 |
|---|---|
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| HOUSING AUTHORITY, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for partial dismissal, and for stay, doc. # 5, filed by defendants and referred to me for report and recommendation.

Plaintiff has been an employee of the Rapides Parish Housing Authority for the past nine years. As such, she is a classified employee under Louisiana Civil Service laws. Plaintiff was granted leave under the Family Medical Leave Act[1] (FMLA) in February 2008. When she returned, she was demoted, she claims. Plaintiff filed this suit which was removed to this court, claiming violations of the FMLA, claiming entitlement to damages and claiming defamation, loss of consortium, and violation of Louisiana's Whistleblower Act, LSA-R.S. 23:967.

Defendants have filed this motion to dismiss and argue that plaintiff is not entitled to a claim for her own loss of consortium, that this court has no jurisdiction over employment claims by Civil Service employees, and that the claims over which this court does have jurisdiction, including the FMLA claims anc

---

[1] 29 USC 2601 et seq.

certain supplemental state law claims, should be stayed, pending plaintiff's exhaustion of her administrative remedies under Louisiana's Civil Service laws.

The consortium claim

In considering a motion to dismiss under FRCP 12(b)(6), the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by

proof of any set of facts consistent with the allegations in the complaint. Bell, supra.

Plaintiff sued for damages for loss of consortium and explains in brief that the claim is on behalf of her minor child. However, the minor child is not a plaintiff in the suit. Plaintiff has no cause of action for loss of consortium for herself. LSA-CC 2315. The consortium claim should be dismissed.

The Whistleblower Act claim

FRCP 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. US, 281 F.3d 161 (5th C. 2001). Article X §12(A) of the Louisiana Constitution grants to the Louisiana Civil Service Commission the exclusive power and authority to hear and decide all removal and disciplinary cases regarding Civil Service employees. Goldsby v. State, 861 So.2d 236, 238 (La. App 2003). This court, therefore, lacks subject matter jurisdiction to hear plaintiff's Civil Service claims. See Benoit v. Board of Commissioners, 459 F.Supp.2d 513 (E.D. La. 2006).

Request for stay

Finally, defendant asks that this court stay plaintiff's claims under the FMLA and her remaining state-law claims pending resolution of the state Civil Service claims. Defendant suggests that judicial efficiency would be served by a stay, that the Benoit court stayed proceedings, and that a decision by the Louisiana Civil Service Commission would narrow the issues.

In cases other than those for declaratory relief, a district court's discretion to stay is "narrowly circumscribed" by its obligation to hear cases within its jurisdiction. Such decision is governed by the "exceptional circumstances" standard set forth in Colorado River v. US, 96 S.Ct. 1236 (1976). Here, the Civil Service case is not "parallel" to the federal claims. The determination whether plaintiff's Civil Service rights were violated is based on an entirely different standard than whether defendants violated the FMLA. There are no exceptional circumstances and a stay would not be appropriate. See American Guarantee v. Anco, 408 F.3d 248 (5th C. 2005).

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's consortium claim be dismissed under FRCP 12(b)(6), that plaintiff's Whistleblower claim under LSA-R.S. 23:967 be dismissed for lack of jurisdiction under FRCP 12(b)(1), and that defendants' motion for stay be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district

judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 22nd day of October, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE